**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**REX M. MARTINEZ, ESQ.**
Nevada Bar: No. 15277
E-mail: rmartinez@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 805-8340
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GWEN TECSON, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>STATION CASINOS, LLC D/B/A PALMS CASINO AND HOTEL<br><br>Defendant. | **CASE NO.:**<br><br><br>**COMPLAINT WITH JURY DEMAND** |

The Plaintiff GWEN TECSON (herein referred to as "Plaintiff") by and through her attorney, Jenny L. Foley, Ph.D., Esq. and Rex Martinez, Esq. of HKM Employment Attorneys LLP, hereby complains and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff was at all times relevant herein, a resident of Nevada, living at working in Las Vegas, Nevada.

2.     Defendant, STATION CASINOS, LLC D/B/A PALMS CASINO (herein referred to as "Defendant") was at all times relevant herein, a Nevada Company licensed to conduct business in the State of Nevada.

3.      This is an action for damages arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et. Seq. and NRS 608.040, NRS 608.050, and NRS 608.140 for failure to timely pay all wages due and owing upon resignation.

4.      This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. §1331 (federal question). This Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

5.      All material allegations relative to the named defendants contained in this Complaint are believed to have occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. § 1391 (b)(2).

## GENERAL ALLEGATIONS

6.      Plaintiff was at all times relevant an employee of Defendant, starting in approximately August 2019 as a reservation agent.

7.      Upon information and belief, she was an exemplary employee and was continually recognized for her hard work.

8.      In December 2019, Plaintiff booked a guest in the King Pin Suite for a total of three nights, December 30, 2019, December 31, 2019, and January 1, 2020, totaling $55,000.

9.      Plaintiff was to receive a 6% commission for booking this reservation, which would amount to $3,300.00.

10.     In approximately mid-March, due to the Corona virus pandemic, Plaintiff was furloughed.

11.     When Defendant furloughed Plaintiff, it forbade her from returning to its premises and from accessing her work network drive, preventing Plaintiff from viewing her bookings or submitting commission forms.

12.     Furthermore, before being furloughed Plaintiff had already made bookings for March 1, 2020 through March 17, 2020.

13.     Upon information and belief, the commission on these bookings likely ranges from $200.00 to $250.00, but Plaintiff cannot ascertain the precise amount because Defendant is preventing her from accessing her work records.

14.     In mid-May, Plaintiff was laid off.

15.     Plaintiff was never given the opportunity to access her work drive and submit any commission forms for her unpaid commissions.

16.     Plaintiff has reached out to Defendant to obtain her unpaid wages, but Defendant has refused to pay her.

17.     To date, Defendant has not paid Plaintiff the outstanding wages, despite demand for the same.

18.     Plaintiff was a model employee who was commended on numerous occasions for her good work ethic.

19.     Defendant wrongfully maliciously failed to compensate Plaintiff in accordance with Nevada Law.

**<u>FIRST CAUSE OF ACTION</u>**
**(Failure to Timely Pay All Wages Due and Owing Upon Resignation Pursuant to NRS 608.040, NRS 608.050, and NRS 608.140)**

20.     Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

21.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

22.     NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation

of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

23.     NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

24.     Plaintiff is owed commission for her booking of the King Pin suite, as well as for bookings made for the beginning of March.

25.     By failing to pay Plaintiff her due compensation in violation of state and federal law, Defendant has failed to timely remit all wages due and owing to Plaintiff.

26.     Despite demand, Defendant willfully refuses to pay Plaintiff.

27.     Wherefore, Plaintiff demands payment of Plaintiff's wages under NRS 608.140, 608.040, and 608.050 together with attorneys' fees, costs, and interest as provided by law.

**SECOND CAUSE OF ACTION**
**(Conversion)**

28.     Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

29.     Defendants engaged in a distinct act of dominion wrongfully exerted over another's personal property.

30.     Defendants' act was in denial of or inconsistent with Plaintiff's rights therein.

31.     Defendants' act was in derogation, exclusion, or defiance of such rights.

32.     Plaintiff is entitled to recover damages in an amount in excess of $15,000.00.

33.    Plaintiff has had to engage in the services of attorneys for representation in this matter and is entitled to an award of reasonable attorney's fees.

### THIRD CAUSE OF ACTION
**(Unjust Enrichment)**

34.    Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

35.    Plaintiff conferred a benefit on Defendant by performing her job and booking luxurious hotel suits for guests.

36.    Defendant took full advantage of Plaintiff by failing to pay her commission for the reservations that she booked.

37.    Such appreciation, acceptance, and retention of benefits by the Defendant, without adequately compensating Plaintiff would be inequitable.

38.    Plaintiff had to engage in the services of attorneys for representation in this matter and are entitled to an award of reasonable attorney's fees.

### FOURTH CAUSE OF ACTION
**(Quantum Meruit)**

39.    Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

40.    The Defendants requested that Plaintiff perform work and services for them and promised her commission payments.

41.    Plaintiff expected payment for her work.

42.    The Defendants knew or should have known that Plaintiff expected payment for the work.

43.    Defendants failed to pay Plaintiff for the work that he performed.

44.    Plaintiff provided valuable services to Defendants.

45.    Defendants accepted and enjoyed the valuable services provided by Plaintiff.

46.     The circumstances reasonably notified Defendants that Plaintiff expected to be paid.

47.     Plaintiff should be paid for the valuable services she provided to Defendants in an amount to be determined at trial.

48.     Plaintiffs are entitled to recover the benefit bestowed upon Defendants, in an amount in excess of $15,000.00.

49.     Plaintiff has had to engage in the services of attorneys for representation in this matter and is entitled to an award of reasonable attorney's fees.

### FIFTH CAUSE OF ACTION
### Negligence Per Se

50.     The preceding paragraphs are incorporated herein as though fully set forth herein.

51.     Defendants owed Plaintiff a duty of care in paying its employees, especially during a pandemic.

52.     Defendant's actions were in direct violation of the Nevada Revised Statutes; therefore, Defendant's actions constitute negligence per se.

53.     The Nevada Revised Statute provisions at issue were enacted to protect the general public in the State of Nevada from not getting wages they are owed.

54.     Plaintiff is a member of the general public and is therefore, in the class of protected persons intended to be protected by the Nevada Revised Statutes.

55.     The injuries sustained by Plaintiff are of the type of injuries the Nevada Revised Statutes were established to protect against.

56.     As a direct and proximate result of the foregoing statutory violations and the related negligence and carelessness of the Defendants, for which Defendant is liable under the

doctrine of negligence per se, Plaintiff suffered severe and serious personal injuries. The full nature and extent of Plaintiff's injuries are still unknown and when the same are ascertained with more particularity, Plaintiff will assert them with particularity.

57.    Plaintiffs has experienced pain and suffering, and will continue to endure future pain and suffering all to her general damages in an amount in excess of $15,000.00.

58.    Plaintiff has been required to retain the services of a law firm to prosecute this action and is entitled to reasonable attorneys' fees.

**WHEREFORE,** Plaintiff prays this court for:

    a.   A jury trial on all appropriate claims;

and **WHEREFORE**, to enter judgment in favor of the Plaintiff by:

    b.   Awarding Plaintiff an amount sufficient to fully compensate her (including tax consequences) for all economic losses of any kind, and otherwise make her whole in accordance with the law;

    c.   Back pay with interest;

    d.   An equal amount as liquidated damages;

    e.   An award of compensatory and punitive damages to be determined at trial;

    f.   An award of attorney's fees and costs; and

    g.   Any other relief the court deems just and proper.

Dated this 30th of March, 2021.

        **HKM EMPLOYMENT ATTORNEYS, LLP**

        */s/ Jenny Foley*_____
        **JENNY L. FOLEY, Ph.D., Esq.**
        Nevada Bar No. 9017
        1785 East Sahara, Suite 300
        Las Vegas, Nevada 89104
        Tel: (702) 805-8340
        Fax: (702) 805-8340
        E-mail: jfoley@hkm.com
        *Attorney for Plaintiff*